IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 MAR 20 P 4:03

| | |
|---|---|
| DOROTHY KIM SMITH;<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH HARDWICH GROSSMAN,<br>R.N., B.S.N., J.D.;<br><br>Defendant. | Civil Action Number:<br>3:07cv248-WHA<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT FOR CIVIL DAMAGES

This is a complaint for compensatory and punitive damages brought by the Plaintiff against the Defendant, a practicing attorney licensed to practice in the State of Alabama, for abuse of process; false imprisonment; malicious prosecution; intentional infliction of emotional distress; outrage; fraud; failure to pay/withhold Plaintiff's federal, state, social security, and unemployment compensation taxes.

## JURISDICTION

Jurisdiction of the Court is invoked pursuant to Acts of Congress known as Diversity of Citizenship, 28 U.S.C. §1332 and asserts Federal and State Law claims for abuse of process; false imprisonment; malicious prosecution; intentional infliction of emotional distress; outrage; fraud; failure to pay Plaintiff's agreed wages and properly pay federal income tax, State of Alabama income tax, social security tax and unemployment tax.

## PARTIES

1. Plaintiff, Dorothy Kim Smith, is a resident citizen of the State of Alabama.

2. Defendant, Deborah Grossman, is a resident citizen of the State of Georgia.

## FACTUAL ALLEGATIONS

Defendant Deborah Grossman (herein after Defendant Attorney Grossman) is an attorney at law licensed to practice law in the State of Alabama and at all times complained of, was practicing as a sole practitioner with her office located in the City of Lafayette in Chambers County, Alabama. In June of 2005, Attorney Grossman employed Plaintiff Dorothy Kim Smith (herein after referred to as Plaintiff Smith) to be her office manager and paralegal/secretary giving her authority to oversee employees and administer the day to day operation of the office and at Defendant Attorney Grossman's direction, to work on cases. Plaintiff Smith and Defendant Attorney Grossman agreed that because Defendant Attorney Grossman did not have sufficient capital at start up that Plaintiff Smith would draw $500.00

per week net after mandatory deductions and that as cases were resolved Plaintiff Smith would be further compensated by bonuses agreed between the two parties. Further it was agreed that Plaintiff Smith would be reimbursed for her expenses and would be paid additionally for work over the normal 40 hour week. Defendant Attorney Grossman authorized her bank to make Plaintiff Smith a signatory on the firm bank accounts which was in fact done. After the end of 2004, Defendant Attorney Grossman directed her accountant to issue Plaintiff Smith a 1099 rather than a W-2, and categorized Plaintiff Smith as an independent contractor, even though Plaintiff Smith was an employee and Defendant Attorney Grossman's accountant advised her not to do so. Plaintiff Smith was at all times while in the employ of the Defendant Attorney Grossman an employee as defined in the Internal Revenue Service Code and pursuant to the laws of the State of Alabama. Upon receipt of the 1099 Plaintiff Smith protested and Defendant Attorney Grossman paid Plaintiff Smith's federal and state taxes for the calendar year 2004.

Plaintiff Smith thereafter continued to work for Defendant Attorney Grossman until she was terminated by said attorney on December 9, 2005. During the portion of the years 2004 and 2005 that Plaintiff Smith was employed by Defendant Attorney Grossman, Plaintiff Smith worked in excess of forty (40) hours per week on cases and for the general business of the firm for which she was to be paid wages and bonuses, and was to be reimbursed for expenses including insurance, travel and other general expenses incurred on behalf of the firm. She was never fully paid, never paid overtime, and was not fully reimbursed for her expenses. Additionally, Plaintiff Smith provided furniture and office equipment to the firm for which she was never compensated or reimbursed. At her termination, Defendant Attorney Grossman announced that she could not afford to pay Plaintiff Smith, but she wanted her to continue working on cases for the firm without limitation, but especially cases known as "the Chambers County cases" which Plaintiff Smith had handled including assisting the referring attorney and some of which clients Defendant Attorney Grossman had never even met. Plaintiff Smith agreed to continue to help on "the Chambers County cases" so long as she was paid, but absent payment refused to stay in the office any longer or to work on other files for the benefit of clients in the Chambers County cases and again relying on Defendant Attorney Grossman's reserved promise of payment and miscellaneous other cases Plaintiff Smith continued to assist clients that contacted her, but has never been paid for her work. After Plaintiff Smith left the employment of Defendant Attorney Grossman's practice, several clients fired Defendant Attorney Grossman in part because Plaintiff Smith was no longer working for her, although she continued to work with the Chambers County clients and the referring lawyer in that case as requested by Defendant Attorney Grossman.

Thereafter and before March 16, 2006, Defendant Attorney Grossman through attorney Davis Whittelsey sought to collect a civil debt of an alleged overpayment of wages and alleged unauthorized payment of insurance and expense reimbursement to Plaintiff Smith. In the letter sent by Attorney Whittelsey on behalf of Defendant Attorney Grossman, Whittelsey's demand for payment mentions criminal prosecution and fails to adhere to the requirements of the Fair Debt Collection Practices Act. Plaintiff Smith retained counsel that responded with a denial that the debt was owed and requested an accounting of his client Defendant Attorney Grossman referenced by Attorney Whittelsey that allegedly documented the alleged debt. Attorney Whittelsey was further informed that Plaintiff Smith had claims against Defendant Attorney Grossman and was requested to call Plaintiff's counsel which he refused to do and Defendant Attorney Grossman refused to produce the accounting. After Plaintiff Smith's refusal to pay, on March 16, 2006, Defendant Attorney Grossman called Sergeant Ward of the Valley Police Department and told him that Kim Smith "had issued herself extra paychecks in the amount of $4,000.00 and had made unauthorized payments to Alfa Insurance totaling $884.00." Thereafter

Defendant Attorney Grossman signed a warrant for Theft of Property in the 1st Degree and Plaintiff Smith was arrested therefore on March 19, 2006. The case was bound over to the grand jury which refused to indict Plaintiff Smith and no billed the case.

## ABUSE OF PROCESS

3. Plaintiff re-alleges and incorporates by reference all the paragraphs set forth hereinabove with the same force and effect as if fully set out in specific detail herein below.

4. Defendant Attorney Grossman unlawfully instituted the criminal proceeding by signing a warrant without probable cause to believe a crime had been committed to collect an alleged civil debt, to inflict emotional distress upon Plaintiff Smith, and for vengeance for perceived wrongs done her by the Plaintiff Smith amongst other reasons.

5. As a result of the abuse of process by the Defendant Attorney Grossman, Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

6. As a proximate result of Defendant Attorney Grossman's abuse of process and willful and/or wanton conduct, Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

## FALSE IMPRISONMENT

7. Plaintiff re-alleges and incorporates by reference all the paragraphs set forth hereinabove with the same force and effect as if fully set out in specific detail herein below.

8. On or about March 19, 2006, Defendant Attorney Grossman unlawfully caused Plaintiff Smith to be arrested and detained against her will on a charge of Theft of Property in the 1st Degree.

9. As a result of Defendant Attorney Grossman's unlawful actions, Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

10. As a proximate result of Defendant Attorney Grossman's willful and/or wanton conduct and false imprisonment of the Plaintiff, Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

## MALICIOUS PROSECUTION

11. Plaintiff re-alleges and incorporates by reference all the paragraphs set forth hereinabove with the same force and effect as if fully set out in specific detail herein below.

12. On or about March 19, 2006 Defendant Attorney Grossman maliciously and without probable cause therefore, caused the Plaintiff Smith to be arrested under a warrant sought and signed by Defendant Attorney Grossman and issued by a magistrate on a charge of Theft of Property in the 1st Degree.

13. Before commencement of this action, this charge was judicially investigated by presentment to the grand jury which found no probable cause and no billed the case, the prosecution ended, and Plaintiff Smith was discharged.

14. As a proximate result of Defendant Attorney Grossman's malicious prosecution and willful and/or wanton conduct Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND MENTAL ANGUISH

15. Plaintiff re-alleges and incorporates by reference all the paragraphs set forth hereinabove with the same force and effect as if fully set out in specific detail herein below.

16. The Defendant Attorney Grossman's conduct and acts as set out above were done willfully and wantonly with malice and/or reckless disregard and deliberate indifference for the purpose of intentionally inflicting emotional distress and mental anguish upon the Plaintiff Smith.

17. As a proximate result of Defendant Attorney Grossman's willful and/or wanton conduct Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

## OUTRAGE

18. Plaintiff re-alleges and incorporates by reference all the paragraphs set forth hereinabove with the same force and effect as if fully set out in specific detail herein below.

19. The actions of the Defendant were so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society causing emotional distress so severe that no reasonable person could be expected to endure it.

20. Defendant outrageously and intentionally inflicted emotional distress upon the Plaintiff by subjecting her to abusive and harmful treatment to-wit, by causing Plaintiff Smith to be arrested, libeling and slandering Plaintiff Smith in the community, including the legal community which in was her profession for over ten (10) years, causing Plaintiff Smith to be unemployable, unable to earn a living for herself and her children, and to lose her property.

21. Defendant caused the Plaintiff severe emotional distress, by among other things, subjecting her to abusive and harmful treatment as set out in number 20 herein above.

22. As a proximate result of Defendant Attorney Grossman's willful and/or wanton conduct Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

## **FRAUD**

23. Plaintiff re-alleges and incorporates by reference all the paragraphs set forth hereinabove with the same force and effect as if fully set out in specific detail herein below.

24. On or before June 6, 2004, Defendant Attorney Grossman and Plaintiff Smith were negotiating concerning employment of Plaintiff Smith by Defendant Attorney Grossman where upon an agreement was reached that Plaintiff Smith would be paid a net amount of $500.00 per week after benefits and taxes, plus draw additional wages based on bonuses and expense reimbursement.

25. At the time of hiring Defendant Attorney Grossman represented to Plaintiff Smith that if Plaintiff Smith would defer her compensation, and except the above draw until such time at a later date Defendant Attorney Grossman would catch up and pay at said greater rate. Initially, Defendant Attorney Grossman paid Plaintiff Smith pursuant to the agreed wage rate as the firm became more profitable and then Defendant Attorney Grossman reneged and refused to pay Plaintiff Smith the greater rate, bonuses and expense reimbursements as promised.

26. Defendant Attorney Grossman refused to pay Federal taxes, State of Alabama taxes, Social Security taxes, and unemployment taxes on the Plaintiff Smith for 2005 even though Defendant Attorney Grossman promised to do so, and as Plaintiff Smith's replacement was paid after he objected when Defendant Attorney Grossman refused to also pay his taxes.

27. The representations made by Defendant Attorney Grossman were false and Defendant Attorney Grossman knew that the representations were false; or in the alternative, Defendant Attorney Grossman made said representations and should have known in the exercise of reasonable care that they were false, or alternatively, Defendant Attorney Grossman made said representations with reckless disregard as to their truth and veracity.

28. Plaintiff Smith believed the representations made by Defendant Attorney Grossman and in reliance upon them worked for Defendant Attorney Grossman at a substantially reduced rate from her fair market salary and was never paid the full value of the agreed upon rate.

29. As a proximate result of Defendant Attorney Grossman's willful and/or wanton conduct Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

WHEREFORE Plaintiff Smith demands judgment against Defendant Attorney Grossman, in the amount of $1.5 million dollars in compensatory damages and $3 million dollars in punitive damages to be awarded to the Plaintiff Smith.

Respectfully submitted,

_____
Keith W. Veigas, Jr. (VEI001)
Attorney for Plaintiff

OF COUNSEL:

Patton & Veigas, P.C.
1200 20th Street South, Suite 200
Birmingham, Alabama 35205
205.212.1000 telephone
205.212.0000 facsimile
keithveigas@yahoo.com email

**PLAINTIFF DEMANDS A TRIAL BY A STRUCK JURY**

_____
Keith W. Veigas, Jr. (VEI001)
Attorney for Plaintiff


**PLEASE SERVE THE DEFENDANT BY PROCESS SERVER**

Deborah Grossman
400 East Third Street
West Point, Georgia 31833-2324
706.645.2973 telephone

Or in the alternative:

Deborah Grossman, Attorney at Law
4501 20th Avenue
Valley, Alabama 36854
334.756.3529 telephone