IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KIM S. SMITH; | * | |
| | * | |
| Plaintiff/Counter-Claim Defendant, | * | |
| | * | |
| v. | * | 3:07cv248WHA |
| | * | |
| DEBORAH HARDWICK GROSSMAN, | * | |
| R.N., B.S.N., J.D.; | * | |
| | * | |
| Defendant/Counter-Claim Plaintiff, | * | |

### ANSWER OF PLAINTIFF/COUNTER-CLAIM DEFENDANT TO DEFENDANT/COUNTER-CLAIM PLAINTIFF'S COUNTERCLAIM TO AMENDED COMPLAINT

**GENERAL**

COMES NOW the Plaintiff/Counter-Claim Defendant, Kim S. Smith, by and through her counsel of record, and hereby files the following Answer to the Defendant/Counter-Claim Plaintiff's Counterclaim to the Amended Complaint as follows:

1. The Plaintiff/Counter-Claim Defendant admits the allegation contained in paragraph 1.

2. The Plaintiff/Counter-Claim Defendant admits the allegation contained in paragraph 2.

3. The Plaintiff/Counter-Claim Defendant denies the amount in controversy at issue in the counter-claim exceeds $75,000.00 exclusive of interest and costs as stated in paragraph 3 of the Counter Claim and demands strict proof thereof.

4. The Plaintiff/Counter-Claim Defendant admits the allegation contained in paragraph 4 to the extent that venue is appropriate in said Eastern Division of the Middle District of Alabama, but denies that all acts occurred, and/or denies that they occurred in the said district and division and demands strict proof thereof.

**COUNT I – CONVERSION**

5. For answer to paragraph 5 under the title of "Conversion", the Plaintiff/Counter-Claim Defendant re-alleges and incorporates by reference the answers given previously in paragraphs 1 – 4 as is fully set forth herein.

6. The Plaintiff/Counter-Claim Defendant denies each and every allegation contained in paragraph 6 and demands strict proof thereof.

7. The Plaintiff/Counter-Claim Defendant denies each and every allegation contained in paragraph 7 and demands strict proof thereof.

8. The Plaintiff/Counter-Claim Defendant denies each and every allegation contained in paragraph 8 and demands strict proof thereof.

## COUNT II – MONEY HAD AND RECEIVED

9. For answer to paragraph 9 under the title of "Money Had and Received", the Plaintiff/Counter-Claim Defendant re-alleges and incorporates by reference the answers given previously in paragraphs 1 – 8 as is fully set forth herein.

10. The Plaintiff/Counter-Claim Defendant denies each and every allegation contained in paragraph 10 and demands strict proof thereof.

11. The Plaintiff/Counter-Claim Defendant denies each and every allegation contained in paragraph 11 and demands strict proof thereof.

## COUNT III – THEFT OF PROCEEDS

12. For answer to paragraph 12 under the title of "Theft of Proceeds", the Plaintiff/Counter-Claim Defendant re-alleges and incorporates by reference the answers given previously in paragraphs 1 – 11 as is fully set forth herein.

13. The Plaintiff/Counter-Claim Defendant denies each and every allegation contained in paragraph 13 and demands strict proof thereof.

14. The Plaintiff/Counter-Claim Defendant denies each and every allegation contained in paragraph 14 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

15. The Plaintiff/Counter-Claim Defendant avers the Defendant/Counter-Claim Plaintiff's Counterclaim to the Amended Complaint fails to state a cause of action.

16. The Plaintiff/Counter-Claim Defendant pleads not guilty.

17. The Plaintiff/Counter-Claim Defendant pleads the checks at issue were authorized as consideration and represent an accord and satisfaction for hours worked, benefits of employment, services rendered, wages, and/or reimbursement of expenses incurred by Plaintiff/Counter-Claim Defendant as an employee of Defendant/Counter-Claim Plaintiff at the time said checks were written.

18. The Plaintiff/Counter-Claim Defendant avers the Defendant/Counter-Claim Plaintiff is guilty of fraud.

19. The Plaintiff/Counter-Claim Defendant avers the Defendant/Counter-Claim Plaintiff does not come into this Honorable Court with clean hands.

20. The Plaintiff/Counter-Claim Defendant avers that the checks represent an accord and satisfaction for hours worked, benefits of employment, services rendered, wages, and/or reimbursement of expenses incurred by Plaintiff/Counter-Claim Defendant as an employee of Defendant/Counter-Claim Plaintiff at the time said checks were written.

21. The Plaintiff/Counter-Claim Defendant avers set off of the amounts claimed by Defendant/Counter-Claim Plaintiff for Federal taxes, State taxes, FICA taxes and unemployment insurance benefits which Defendant/Counter-Claim Plaintiff failed and/or refused to pay.

22. The Plaintiff/Counter-Claim Defendant avers that the Defendant/Counter-Claim Plaintiff has failed to state a claim upon which relief can be entered against the Plaintiff/Counter-Claim Defendant.

23. The Plaintiff/Counter-Claim Defendant avers that the Defendant/Counter-Claim Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I, §§ 1, 2, 6, 11, 13, 15, 22 and 35 of the Constitution of Alabama, and is improper under the statutes, common law, public policies, and applicable rules of the State of Alabama, on the following grounds:

    a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Defendant/Counter-Claim Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b) The Procedures pursuant to which punitive damages are awarded and the guidelines given to jurors are vague and ambiguous and fail to provide specific standards on the determination of whether to award punitive damages or specific standards as to a constitutionally

reasonable limit on the amount of any award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c)  Any award of punitive damages to Defendant/Counter-Claim Plaintiff would violate the procedural safeguards provided to Plaintiff/Counter-Claim Defendants under the Sixth Amendment of the United States Constitution in that punitive damages are penal in nature, and consequently, a Plaintiff/Counter-Claim Defendant in a case in which punitive damages are sought should be entitled to the same procedural safeguards accorded to a defendant in a criminal proceeding. Since Alabama law and procedures which allow the imposition of punitive damages do not afford civil Plaintiff/Counter-Claim Defendants the same protections afforded criminal defendants, awards of punitive damages result in arbitrary deprivation of property in violation of the Constitution;

d)  Defendant/Counter-Claim Plaintiff's Counterclaim to the Amended Complaint, to the extent that it seeks exemplary or punitive damages, violates Plaintiff/Counter-Claim Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution;

e)  Defendant/Counter-Claim Plaintiff's claims for punitive damages violate equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution. Punitive damage awards discriminate against Defendants in that the protections of criminal trials and the limiting of the amount of punitive damages awardable may be granted to some classes of defendants under certain states' laws, but may be denied to these defendants and others similarly situated.

f)  Present Alabama law and/or practice may impermissibly permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined and/or evidence having little bearing on the amount of punitive damages to be awarded.

g)  Any award of punitive damages would allow the Defendant/Counter-Claim Plaintiff to be compensated for elements of damages that would be duplicative of an award of damages received for mental anguish/emotional distress or that would not otherwise be recognized under Alabama law.

        Respectfully submitted,

        */s/ Kristel N. Gibbons*
        Keith W. Veigas, Jr. (ASB-4795-a48k)
        Kristel N. Gibbons (ASB-1866-n74k)
        Attorney for Plaintiff/Counter-Claim
        Defendant

OF COUNSEL:

Patton & Veigas, P.C.
1200 20th Street South, Suite 200
Birmingham, Alabama 35205
205.212.1000 telephone
205.212.0000 facsimile

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing upon the following by electronic filing through the EM/CF filing and by placing a true and correct copy of same in the United States mail postage pre-paid and properly addressed on this the 15th day of May, 2007.

George L. Beck, Jr.
Capell & Howard, P.C.
P.O. Box 2069
150 South Perry Street
Montgomery, Alabama 36102-2069
334.241.8000 telephone
334.323.8888 facsimile

Of Counsel:
William O. Walton, III
Suite 304
2515 East Glenn Avenue
Auburn, Alabama 36830

        */s/ Kristel N. Gibbons*
        Of Counsel