**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **KIM S. SMITH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case # 3:07-cv-00248-WHA-WC |
| ) | |
| **DEBORAH HARDWICK** ) | |
| **GROSSMAN,** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW the plaintiff, Kim S. Smith ("Smith") and files her opposition and brief in response to the Motion to Dismiss Amended Complaint filed by the defendant, Deborah Hardwick Grossman ("Grossman"), and would respectfully show the Court the following:

**I.    INTRODUCTION.**

Smith, a legal secretary, paralegal and law office manager, filed an Amended Complaint against Grossman, Smith's former employer and practicing attorney, seeking to recover compensatory and punitive damages for state law claims including abuse of process, false imprisonment, malicious prosecution, intentional infliction of emotional distress (i.e., "outrage"), and fraud. [Doc.# 3]. Presently before the Court is Grossman's Motion to Dismiss Amended Complaint [Doc. # 6]. Grossman's motion to dismiss, in addition to alleging failure to state a claim, cites pleading

1

technicalities such as lack of separately numbered paragraphs, lack of numbered counts, and lack of a specific demand for relief under each count.

As demonstrated below, Grossman's motion to dismiss is without merit. Smith has sufficiently complied with the Federal Rules of Civil Procedure as to pleading her causes of action. Regardless, any pleading irregularities can easily be corrected through amendment. Finally, it is clear Grossman's motion to dismiss must be converted into one for motion for summary judgment because Grossman has submitted evidentiary materials to the Court. [Doc. # 7, Exh. 1].

Based on the arguments and authorities presented herein, the Court should deny Grossman's motion to dismiss.

II. **GROSSMAN'S MOTION SHOULD BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT BECAUSE GROSSMAN HAS SUBMITTED EVIDENTIARY MATERIAL OUTSIDE THE PLEADINGS.**

Grossman has submitted materials outside the pleadings. The material submitted consists of a one-page excerpt of testimony attached to Grossman's Answer. [Doc. # 7, Exh. 1]. This material, however, plainly relates to matters referenced in the Amended Complaint. In addition, Grossman's motion to dismiss expressly states that it incorporates by reference matters outside the pleadings and describes such material, [Doc. 6, ¶ 4], although such material is not reflected on the Court's electronic docket as having been filed with the Motion to Dismiss. [See, Doc. # 6].

Because Grossman's Motion to Dismiss and Answer incorporate matters outside the pleadings, Grossman's motion must be converted into a motion for summary judgment. "When matters outside the pleadings are presented to the district court in a Fed.R.Civ.P. 12(b)(6) motion to dismiss, and the district court considers these additional facts, the motion is to be converted into a motion for summary judgment as provided in Fed.R.Civ.P. 56, and all parties must be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Eubank v. Leslie*, 210 Fed. Appx. 837, 845 (11th Cir. 2006); Fed.R.Civ.P. 12(b)(6); Fed.R.Civ.P. 56.

Grossman has submitted evidentiary materials that relate to allegations of the Amended Complaint. Thus, Smith must be afforded reasonable opportunity to present all materials pertinent to Grossman's submission as if on a motion for summary judgment. Accordingly, Grossman's motion to dismiss should be denied.

**III.   THE COMPLAINT SHOULD NOT BE DISMISSED FOR MINOR PLEADING IRREGULARITIES.**

Grossman complains that Smith has not included all her averments in separately numbered paragraphs pursuant to Fed.R.Civ.P. 10(b); that she has not separately numbered her counts pursuant to Fed.R.Civ.P. 10(b); and that she has not included a separate claim for relief for each count pursuant to Fed.R.Civ.P. 8(a). See Motion to Dismiss, ¶¶ 1-3. As to separately numbered paragraphs, however, Smith has included separately numbered paragraphs for all averments except for the section

entitled "Factual Allegations." Amend. Compl., pp. 1-3. As to separately numbered counts, Rule 10(b) does not require separately "numbered" counts; instead, it expressly requires separately "stated" counts, and Smith has complied with this requirement. *Id.* at pp. 3-5. As to Grossman's allegation that Smith must include a separate claim for relief for each count, the text of Rule 8(a) simply does not contain such a requirement. Fed.R.Civ.P. 8(a).

A complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewisz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "This liberal notice pleading of rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Id.* Dismissal is improper on technical pleading irregularities, which are excusable "as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party." *Philips v. Girdich*, 408 F.3d 124, 128 (2nd Cir. 2005).

Therefore, the cure for technical pleading irregularities is amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Smith has amended her complaint one time. [Doc. # 3]. Should the Court nevertheless find that Smith's Amended Complaint does not fully comply with the Federal Rules of Civil Procedure, Smith would ask that the Court grant further leave to amend. As the

Eleventh Circuit has written, "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted, ... a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 2001). Accordingly, should the Court find the Amended Complaint wanting, Smith respectfully asks that she be given leave to amend.

### IV.   GROSSMAN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM SHOULD BE DENIED.

#### A.   RULE 12(b)(6) STANDARD.

A Court of Appeals reviews *de novo* a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam); see also *Jackson v. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1335 (11th Cir. 2002) (citing *Stephens v. Dept. of Health & Human Svcs.*, 901 F.2d 1571, 1573 (11th Cir. 1990)) ("On a motion to dismiss, the facts stated in [the plaintiff's] complaint and all reasonable inferences thereon are taken as true."). [1]

---

[1] In addition, pleadings are to be construed liberally in favor of the pleader. *Peterson v. Atlanta Housing Authority*, 998 F.2d 904, 912 (11th Cir. 1993). Generally, federal civil complaints need only state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). And each averment should be "simple, concise, and direct" with no technical forms of pleading required. Fed.R.Civ.P. 8(e). However, "[i]n all averments of fraud and mistake, the circumstances constituting

A motion to dismiss is granted only "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Jackson*, 309 F.3d at 1335 (quoting *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Fed.R.Civ.P. 8(a); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (quotations and citations omitted).

Nevertheless, pleadings are to be liberally construed in favor of the pleader. *Jenkins v. McKeithen*, 89 S.Ct, 1843 (1969); Fed.R.Civ.P. 8(f). Courts, therefore, should construe complaints to avoid dismissals. "Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, ... a district court should give a plaintiff an opportunity to amend his complaint instead of

---

fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b).

dismissing it." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 2001).

      **B.     SMITH HAS STATED ACTIONABLE STATE LAW CLAIMS.**

          **1.     Abuse of Process.**

Alabama law provides a remedy for one who is wrongfully sued in a civil case or prosecuted in a criminal case. The tort of abuse of process evolved to reach misuses of the legal process not covered by malicious prosecution. Comment, *Abuse of Process and Malicious Prosecution in Alabama*, 38 Ala.L.Rev. 99, 112 (1986). Elements described in Alabama cases for abuse of process include the existence of an ulterior purpose, a wrongful use of process, and malice. *Willis v. Parker*, 814 So.2d 857, 865 (Ala. 2001) (citations omitted).

Smith has properly stated all the elements for a claim of abuse of process. In the Amended Complaint, Smith alleged that Grossman telephoned Sergeant Ward of the Valley Police Department and stated to him that Smith had issued unauthorized checks to herself and others from Grossman's bank account when in fact Smith had authorization to write such checks. Amend. Compl. at p. 3. Smith alleged that Grossman signed a warrant for the Smith's arrest on the charge of theft of property in the first degree based on the same allegations. *Id.* As a result of Grossman's fraudulent statement to the police and Grossman's fraudulent signing of her name to the warrant, Smith was arrested. *Id.* The grand jury, however, refused to indict Smith.

*Id.* The complaint further states that "Grossman unlawfully instituted criminal proceedings by signing a warrant without probable cause ... to inflict emotional distress . . . and for vengeance for perceived wrongs . . ." Amend. Compl. at ¶ 4. Finally, Smith alleged that she was proximately damaged by Grossman's acts. *Id*. at ¶ 6.

Because Alabama case law sets forth the elements of abuse of process and Smith has stated each of the required elements in her Amended Complaint, Smith has properly stated a claim for abuse of process. Accordingly, Grossman's motion to dismiss should be denied.

### 2. False Imprisonment.

The Alabama legislature has defined false imprisonment as "the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty. Ala. Code § 6-5-170 (1975). The Alabama Supreme Court has stated that "a wrongful or false arrest will . . . support a claim for false imprisonment." *Upshaw v. McArdle*, 650 So.2d 875, 878 (Ala. 1994). The rule in Alabama has been stated as follows:

> The rule regarding the action for unlawful arrest and false imprisonment is well stated by Somerville, judge, in the case of *Standard Oil Company v. Davis*, 208 Ala. 565, 94 So. 754, as follows: "(1) Whether or not the defendant or his agent directed, commanded or in any way instigated the arrest; and (2) whether such conduct, if shown, was a material factor in causing the officer to make the arrest."
>
> If the officer acts solely upon his own judgment and initiative, the

> defendant would not be responsible even though he had directed or requested such action, and even though he were actuated by malice or other improper motive. *Rich v. McInerny*, 103 Ala. 345, 15 So. 663, 49 Am.St.Rep.

*United States Fidelity & Guar. Co. v. Kibbey*, 27 Ala.App. 45, 165 So. 600 (Ala.App. 1936).

Smith has properly stated a claim for false imprisonment. As noted, Smith alleged that Grossman signed a warrant for the Smith's arrest on the charge of theft of property in the first degree based on the same allegations. Amend. Compl. at p. 3. As a result of Grossman's fraudulent statement to the police and Grossman's fraudulent signing of her name to the warrant, Smith was arrested. *Id.* The grand jury, however, refused to indict Smith. *Id.* The complaint furthermore states that "Grossman unlawfully caused Plaintiff Smith to be arrested and detained against her will on a charge of Theft of Property in the 1st Degree." Amend. Compl. at ¶ 8. Thus, the Amended Complaint avers that Grossman did "in any way instigate" the arrest of Smith, and Grossman's conduct was a material factor in causing the officer to make the arrest. See *Kibbey*, *supra*. Finally, Smith alleged that she was proximately damaged thereby. Amend. Compl. at ¶ 10.

Because Alabama statutory and case law set forth the elements of false imprisonment and Smith has stated each of the required elements in her Amended

Complaint, Smith has properly stated a claim for false imprisonment. Accordingly, Grossman's motion to dismiss should be denied.

### 3.	Malicious Prosecution.

In addition to a claim for abuse of process and false imprisonment, the Amended Complaint also includes a claim for malicious prosecution. False imprisonment and malicious prosecution claims are sometimes pleaded alternatively in the same case. *See, e.g., Ennis v. Beason*, 537 So.2d 17 (Ala. 1988). A common law action for malicious prosecution exists in order to prevent harassment through the filings of vexatious suits or prosecutions. In order to succeed on a malicious prosecution claim, the plaintiff must prove that "a prior judicial proceeding was instigated by the present defendant without probable cause and with malice; that the prior proceeding ended in favor of the present plaintiff; and that the present plaintiff was damaged thereby." *Mitchell v. Folmar & Associates, LLP*, 854 So.2d 1115, 1117-18 (Ala. 2003) (citations omitted).

Smith has properly stated a claim for malicious prosecution. As noted, Smith alleged that Grossman signed a warrant for the Smith's arrest on the charge of theft of property in the first degree based on the same allegations. Amend. Compl. at p. 3. As a result of Grossman's fraudulent statement to the police and Grossman's fraudulent signing of her name to the warrant, Smith was arrested. *Id.* The grand jury, however, refused to indict Smith. *Id.* The complaint furthermore states that

"Grossman maliciously and without probably cause . . . caused Plaintiff Smith to be arrested under a warrant sought and signed by . . . Grossman and issued by a magistrate judge . . ." Amend. Compl. at ¶ 12. The complaint further avers that "[b]efore commencement of this action, this charge was judicially investigated by presentment to the grand jury which found no probable cause and no billed the case, the prosecution ended, and Plaintiff Smith was discharged." *Id*. at ¶ 13. Finally, Smith alleged that she was proximately damaged thereby. Amend. Compl. at ¶ 14.

Because Alabama case law set forth the elements of malicious prosecution and Smith has stated each of the required elements in her Amended Complaint, Smith has properly stated a claim for malicious prosecution. Accordingly, Grossman's motion to dismiss should be denied.

### 4.    Intentional Infliction of Emotional Distress ("Outrage").

Grossman contends that the Amended Complaint contains a pleading irregularity because it contains separate captions for "Intentional Infliction of Emotional Distress" as well as "Outrage." See Motion to Dismiss at ¶ 5. While these descriptions are redundant, such pleading irregularities are immaterial and, if necessary, can be cured by amendment. Regardless, Smith's complaint properly states a claim for the tort of intentional infliction of emotional distress, also known as the tort of "outrage." In addition, situations involving termination from or conditions of *employment* have lent themselves to outrage theories. *See, e.g., Rice v. United Ins.*

11

*Co. of America*, 465 So.2d 1100 (1984); *Holmes v. Oxford Chemicals, Inc.*, 501 F.Supp. 915 (N.D. Ala. 1981); Collins v. General Time Corp., 549 F. Supp. 770 (N.D. Ala. 1982). Smith's case involves conditions, terms and acts arising from her employment relationship with Grossman.

Smith's allegations of Grossman's intentional conduct in having Smith arrested and other misconduct stemming from the employment relationship are sufficient to state a claim for intentional infliction of emotional distress or "outrage." Particularly outrageous was Grossman's retaliation against Smith by having Smith arrested without justification. Amend. Compl. at pp. 3-4. In addition, Smith has alleged that Grossman engaged in a course of conduct over a lengthy period wherein Grossman created a "hostile work environment." Amend. Compl. at p.2. Smith further alleged that Grossman, however, failed to compensate Smith as promised. *Id*. The Amended Complaint further alleges that Grossman's actions "were so outrageous in character and so extreme as to go beyond all bounds of decency . . . ." Amend. Compl. at ¶ 19; see also ¶ 16, 20-21.

Regardless, the merits of a plaintiff's claim are not properly considered on a motion to dismiss. Because Alabama case law set forth the elements of intentional infliction of emotional distress or "outrage" and Smith has stated each of the required elements in her Amended Complaint, Smith has properly stated a claim for this tort.

Any pleading irregularities based on redundancy can be easily cured by amendment, if necessary. Accordingly, Grossman's motion to dismiss should be denied.

### 5. Fraud.

Smith's complaint adequately states a claim for fraud. The Alabama legislature has defined fraud as follows:

> Fraud; misrepresentation of material fact
>
> Misrepresentations of a material fact made *willfully to deceive*, or *recklessly without knowledge*, and acted on by the opposite party, or if made *by mistake and innocently* and acted on by the opposite party, constitute legal fraud. Ala. Code § 6-5-101 (1975) (emphasis added).
>
> Fraud; suppression of material fact
>
> Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case. Ala. Code § 6-5-102 (1975).

Fraud, therefore, may consist of either an express representation or a suppression of a material fact that a party is under an obligation to communicate. In addition, a misrepresentation, according to the statute, may be made "willfully to deceive, or "recklessly without knowledge," or even "by mistake and innocently" if acted on by the opposite party. Ala. Code § 6-5-101 (1975). Therefore, Grossman's contention that fraud requires a present "intent" not to honor an alleged promise is belied by the express language of Section 6-5-101. Indeed, Smith has alleged that Grossman, "knew" the representations were false or, in the alternative, "should have

13

known in the exercise of reasonable care" that they were false or, in the alternative, that Grossman made the representations "with reckless disregard as to their truth and veracity." Amend. Compl. at ¶ 27. Smith's pleading, therefore, conforms to Section 6-5-101.

In addition, Rule 9(b) of the Federal Rules of Civil Procedure provides that averments of fraud be stated with particularity. Fed.R.Civ.P. 9(b). Particularity means that "a plaintiff must plead "facts as to time, place, and substance of the defendant's alleged fraud,' specifically 'the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.,* 290 F.3d 1301, 1310 (11th Cir. 2002) (quoting *Cooper v. Blue Cross and Blue Shield of Fla, Inc.*, 19 F.3d 562, 567-68 (11th Cir. 1994) (citing *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505 (11th Cir. 1988).

Smith has properly stated a claim for fraud, and has done so with the required degree of particularity. Among other things, the Amended Complaint states that Grossman and Smith negotiated Smith's employment on or before June 6, 2004, and that they agreed to a specific amount of compensation. Amend. Compl. at ¶ 24. Smith has alleged the substance of Grossman's misrepresentations, including that if Smith agreed to defer her compensation that Grossman would catch up and pay her at a greater rate, and that Grossman reneged on her promise. Amend. Compl. at ¶ 25. Smith further alleged that Grossman knew her representations were false or else made

14

them recklessly or negligently, that Smith relied upon them to her detriment and was proximately damaged thereby. Amend. Compl. at ¶¶ 27-29.

Because Alabama statutory and case law set forth the elements of fraud and Smith has stated each of the required elements with the required degree of particularity in her Amended Complaint, Smith has properly stated a claim for fraud. Accordingly, Grossman's motion to dismiss should be denied.

### V.    CONCLUSION.

Smith's Amended Complaint sets forth the required elements to support her causes of action. It is clear that Smith's claims are not subject to dismissal, and this is especially true when Smith's Amended Complaint is construed liberally and viewed in a light most favorable to her. Thus, this Court should deny Grossman's motion to dismiss the amended complaint. Nonetheless, should Smith's complaint be found wanting, justice requires that Smith be afforded a further opportunity to amend her complaint as necessary to comply with the pleading requirements of the Federal Rules of Civil Procedure.

                              Respectfully submitted,

                              /s/ Keith W. Veigas, Jr.
                              Keith W. Veigas, Jr.
                              Attorney for the plaintiff

OF COUNSEL:

PATTON & VEIGAS, P.C.
1200 20th Street South
Birmingham, AL 35205
Telephone: (205) 212-1000
Facsimile: (205) 212-0000

## CERTIFICATE OF SERVICE

     I certify that I have on this 23rd day of May, 2007, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will end notification of such filing to the following:

George L. Beck Jr., Esq.
CAPELL HOWARD, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069

William O. Walton, III, Esq.
WALTON LAW FIRM, P.C.
2515 East Glenn Ave., Ste. 304
Auburn, AL 36830

                           <u>/s/ Keith W. Veigas, Jr.</u>
                           OF COUNSEL