IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 OCT -5  P 1:41
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| KIM S. SMITH; | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action Number: |
| | ) | 3:07cv248-WHA |
| DEBORAH HARDWICK GROSSMAN, | ) | |
| R.N., B.S.N., J.D.; | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO AMEND COMPLAINT**

COMES NOW Plaintiff, by and through undersigned counsel, and moves this Honorable Court to grant Plaintiff's Motion to Amend the above styled Complaint. In support of Motion Plaintiff states as follows:

1) This Court has ordered the Plaintiff to file a response to its show cause Order.

2) In response to above stated order, Plaintiff has cured any and all potential defects in Plaintiff's Complaint by and through its proposed Plaintiff's Second Amended Complaint.

3) The Defendant is not prejudiced by Plaintiff's Second Amended Complaint because it has been placed on notice of all the underlying claims.

WHEREFORE, the Plaintiff having a lawful claim against the Defendant, Plaintiff respectfully prays that this Honorable Court grant its Motion to Amend Complaint.

Respectfully submitted this the 5th day of October, 2007.

Jackson B. Harrison (HAR285)
Attorney for Plaintiff

OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 fax

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing Motion to Continue upon the following counsel for the Wife by means of delivery shown below and to the location designated, properly addressed and delivery charges prepaid on this the 5th day of October, 2007, viz:

Hon. George Beck
P.O. Box 2069
Montgomery, AL 36102-2069

[ XX ] U.S. MAIL    [   ] HAND DELIVERY    [   ] FACSIMILE    [ / ] FEDEX

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 OCT -5  P 1: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| KIM S. SMITH; ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | 3:07cv248-WHA |
| DEBORAH HARDWICK GROSSMAN, ) | |
| R.N., B.S.N., J.D.; ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, Kim S. Smith, by and through counsel and respectfully pleads and alleges as follows:

### I. PARTIES

1. Plaintiff, Kim S. Smith (herein after referred to as Plaintiff Smith), is an individual who is over the age of nineteen and a resident citizen of the State of Alabama.

2. Defendant, Deborah Grossman (herein after Defendant Attorney Grossman), is an individual who is over the age of nineteen and a resident citizen of the State of Georgia.

### II. JURISIDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. Defendant Attorney Grossman is an attorney at law licensed to practice law in the State of Alabama and at all times complained of, was practicing as a sole practitioner with her office located in the City of Valley in Chambers County, Alabama.

5. In May of 2004, Attorney Grossman employed Plaintiff Smith to set up he office prior to opening, be her office manager and paralegal/secretary, giving her authority to oversee employees and administer the day to day operation of the office, and at Defendant Attorney Grossman's direction, to work on cases and to do such other duties as necessary.

6. Plaintiff Smith and Defendant Attorney Grossman agreed that because Defendant Attorney Grossman did not have sufficient capital at start up that Plaintiff Smith would draw $500.00 per week net after mandatory deductions and that as cases were resolved Plaintiff Smith would be further compensated by bonuses agreed between the two parties.

7. Further it was agreed that Plaintiff Smith would be reimbursed for her expenses and would be paid additionally for work over the normal 40 hour week.

8. Defendant Attorney Grossman authorized her bank to make Plaintiff Smith a signatory on the firm bank accounts which was in fact done.

9. After the end of 2004, Defendant Attorney Grossman directed her accountant to issue Plaintiff Smith a 1099 rather than a W-2, and categorized Plaintiff Smith as an independent contractor, even though Plaintiff Smith was an employee and Defendant Attorney Grossman's accountant advised her not to do so.

10. Plaintiff Smith was at all times while in the employ of the Defendant Attorney Grossman an employee as defined in the Internal Revenue Service Code and pursuant to the laws of the State of Alabama.

11. Upon receipt of the 1099 Plaintiff Smith protested and Defendant Attorney Grossman paid Plaintiff Smith's federal and state taxes for the calendar year 2004.

12. Plaintiff Smith thereafter continued to work for Defendant Attorney Grossman until she left the office of said attorney on December 9, 2005 after Defendant Attorney Grossman exploded at Plaintiff Smith and asked her what she was going to do to make more money so she could go Christmas shopping.

13. It was Defendant Attorney Grossman's practice to write personal and business checks from the one operating account.

14. During the portion of the years 2004-2005 that Plaintiff Smith was employed by Defendant Attorney Grossman, Plaintiff Smith worked in excess of forty (40) hours per week on cases and for the general business of the firm for which she was to be paid wages and bonuses and was to be reimbursed for expenses including travel and other general expenses incurred on behalf of the firm.

15. Plaintiff Smith was never fully paid, never paid overtime, and was not fully reimbursed for her expenses.

16. Additionally, Plaintiff Smith provided furniture and office equipment to the firm for which she was never compensated or reimbursed.

17. At the separation of Plaintiff Smith, Defendant Attorney Grossman, stated she wanted Plaintiff Smith to continue working on cases for the firm without limitation, but especially cases known as "the Chambers County cases" and other "referred" cases which Plaintiff Smith had handled including assisting the referring attorney and some of which clients Defendant Attorney Grossman had never even met.

18. Plaintiff Smith continued to help on "the Chambers County cases" and referred cases with the understanding she would be paid, but refused to stay in the office any longer due to the hostile work environment.

19. After Plaintiff Smith left the employment of Defendant Attorney Grossman's practice, several clients took their files from Defendant Attorney Grossman in part because Plaintiff Smith was no longer working for her, although she continued to work with the Chambers County clients and the referring lawyers in that and other cases as requested by Defendant Attorney Grossman and in part because Defendant Attorney Grossman said she was relocating.

20. Thereafter and before March 16, 2006, Defendant Attorney Grossman through attorney Davis Whittelsey sought to collect a civil debt of an alleged overpayment of wages and alleged unauthorized payment of insurance and expenses reimbursement to Plaintiff Smith.

21. In the letter sent by Attorney Whittelsey on behalf of Defendant Attorney Grossman, Whittelsey's demand for payment mentions criminal prosecution and fails to adhere to the requirements of the Fair Debt Collection Practices Act.

22. Plaintiff Smith retained counsel that responded with a denial that the debt was owed and requested an accounting of his client Defendant Attorney Grossman referenced by Attorney Whittelsey that allegedly documented the alleged debt.

23. Attorney Whittelsey was further informed that Plaintiff Smith had claims against Defendant Attorney Grossman and was requested to call Plaintiff's former counsel which he refused to do and Defendant Attorney Grossman refused to produce the accounting.

24. After Plaintiff Smith's refusal to pay and assertions of claims by Plaintiff's former counsel against Defendant Attorney Grossman, on March 16, 2006, Defendant Attorney Grossman called Sergeant Ward of the Valley Police Department and told him that Kim Smith "had issued herself extra paychecks in the amount of $4,000.00 and had made unauthorized payments to Alfa Insurance totaling $884.00."

25. Thereafter Defendant Attorney Grossman signed a warrant for Theft of Property in the 1st Degree and Plaintiff Smith was arrested therefore on March 19, 2006.

26. The case was bound over the grand jury which refused to indict Plaintiff Smith and no billed the case.

## ABUSE OF PROCESS

27. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 26 with the same force and effect as if fully set out in specific detail herein below.

28. Defendant Attorney Grossman unlawfully instituted the criminal proceedings by signing a warrant without probable cause to believe a crime had been committed to collect an alleged civil debt, to inflict emotional distress on Plaintiff Smith, and for vengeance for perceived wrongs done her by Plaintiff Smith amongst other reasons.

29. As a result of the abuse of process by the Defendant Attorney Grossman, Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

30. As a proximate result of Defendant Attorney Grossman's abuse of process and willful and/or wanton conduct, Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

WHEREFORE, Plaintiff Smith demands judgment against Defendant Attorney Grossman for all actual, actual, consequential, and incidental damages including all interests and costs. Further, Plaintiff Smith demands judgment for punitive damages against Defendant Attorney Grossman.

## **FALSE IMPRISONMENT**

31.   Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 30 with the same force and effect as if fully set out in specific detail herein below.

32.   On or about March 19, 2006, Defendant Attorney Grossman unlawfully caused Plaintiff Smith to be arrested and detained against her will on a charge of Theft of Property in the 1st Degree.

33.   As a result of Defendant Attorney Grossman's unlawful actions, Plaintiff Smith has been caused to suffer bodily injury, sever emotional distress, mental anguish, and other damages.

34.   As a proximate result of Defendant Attorney Grossman's willful and/or wanton conduct and false imprisonment of the Plaintiff, Plaintiff Smith has been caused to suffer bodily injury, severe emotional distress, mental anguish, and other damages.

WHEREFORE, Plaintiff Smith demands judgment against Defendant Attorney Grossman for all actual, actual, consequential, and incidental damages including all interests and costs. Further, Plaintiff Smith demands judgment for punitive damages against Defendant Attorney Grossman.

## **MALICIOUS PROSECUTION**

35.   Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 34 with the same force and effect as if fully set out in specific detail herein below.

36.   On or about March 19, 2006 Defendant Attorney Grossman maliciously and without probable cause therefore, caused the Plaintiff Smith to be arrested under a

warrant sought and signed by Defendant Attorney Grossman and issued by a magistrate on a charge of Theft of Property in the 1st Degree.

37.  Before commencement of this action, this charge was judicially investigated by presentment to the grand jury which found no probable cause and no billed the case, the prosecution ended, and Plaintiff Smith was discharged.

38.  As a proximate result of Defendant Attorney Grossman's malicious prosecution and willful and/or wanton conduct Plaintiff Smith has been caused to suffer bodily injury, severe emotional distress, mental anguish, and other damages.

WHEREFORE, Plaintiff Smith demands judgment against Defendant Attorney Grossman for all actual, actual, consequential, and incidental damages including all interests and costs. Further, Plaintiff Smith demands judgment for punitive damages against Defendant Attorney Grossman.

## **OUTRAGE**

39.  Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 38 with the same force and effect as if fully set out in specific detail herein below.

40.  The Defendant Attorney Grossman's conduct and acts as set out above were done willfully and wantonly with malice and/or reckless disregard and deliberate indifference for the purpose of intentionally inflicting emotional distress and mental anguish upon the Plaintiff Smith.

41.  The Defendant Attorney Grossman's conduct and acts against Plaintiff Smith as set out above were extreme and outrageous.

42. As a proximate result of Defendant Attorney Grossman's willful and/or wanton conduct Plaintiff Smith has been caused to suffer emotional distress and mental anguish so severe that no reasonable person could be expected to endure it.

WHEREFORE, Plaintiff Smith demands judgment against Defendant Attorney Grossman for all actual, actual, consequential, and incidental damages including all interests and costs. Further, Plaintiff Smith demands judgment for punitive damages against Defendant Attorney Grossman.

## **FRAUD**

43. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 42 with the same force and effect as if fully set out in specific detail herein below.

44. On or before June 6, 2004, Defendant Attorney Grossman and Plaintiff Smith were negotiating concerning employment of Plaintiff Smith by Defendant Attorney Grossman where upon an agreement was reached that Plaintiff Smith would be paid a net amount of $500.00 per week after benefits and taxes, plus draw additional wages based on bonuses and expense reimbursement.

45. At the time of hiring Defendant Attorney Grossman represented to Plaintiff Smith that if Plaintiff Smith would defer her compensation, and except the above draw until such time at a later date Defendant Attorney Grossman would catch up and pay at said greater rate. Defendant Attorney Grossman intentionally negotiated the compensation package with Plaintiff Smith with the intent that she would refuse to pay Plaintiff Smith the greater rate, bonuses and expense reimbursements as promised.

46. Defendant Attorney Grossman intentionally or with reckless disregard refused to pay Federal taxes, State of Alabama taxes, Social Security taxes, and unemployment taxes on the Plaintiff Smith for 2005.

47. The representations made by Defendant Attorney Grossman were false and Defendant Attorney Grossman knew that the representations were false; or alternatively, Defendant Attorney Grossman made said representations with reckless disregard as to their truth and veracity.

48. Plaintiff Smith believed the representations made by Defendant Attorney Grossman and in reliance upon them worked for Defendant Attorney Grossman at a substantially reduced rate from her fair market salary and was never paid in full value of the agreed upon rate.

49. As a proximate result of Defendant Attorney Grossman's willful and/or wanton conduct Plaintiff Smith has been caused to suffer severe emotional distress, mental anguish, and other damages.

WHEREFORE, Plaintiff Smith demands judgment against Defendant Attorney Grossman for all actual, actual, consequential, and incidental damages including all interests and costs. Further, Plaintiff Smith demands judgment for punitive damages against Defendant Attorney Grossman.

## V. PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff Smith respectfully prays that this Honorable Court:

(a) Assume jurisdiction over this action;

(b) Empanel a jury to decide such triable issues as may exist in this case;

(c) Grant to Plaintiffs such relief to which it is entitled;

(d) Make such award of costs, attorney's fees and expenses as may be permitted by law or equity.

Respectfully submitted this 5th day of October, 2007.

_____
Jackson B. Harrison   (HAR 285)
Attorney for Plaintiff

OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Motion to Continue upon the following counsel for the Wife by means of delivery shown below and to the location designated, properly addressed and delivery charges prepaid on this the 5th day of October, 2007, viz:

Hon. George Beck
P.O. Box 2069
Montgomery, AL 36102-2069

[ XX ] U.S. MAIL    [  ] HAND DELIVERY    [  ] FACSIMILE    [  ] FEDEX

_____
Of Counsel