IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIM S. SMITH; | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action Number: |
| | ) 3:07cv248-WHA |
| DEBORAH HARDWICK GROSSMAN, | ) |
| R.N., B.S.N., J.D.; | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT**

COMES NOW Plaintiff, by and through undersigned counsel, and submits to this Honorable Court Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint. In support Plaintiff states as follows:

1) The Defendant has alleged in its Motion to Dismiss Amended Complaint paragraphs 1 through 3 that Plaintiff's Amended Complaint fails to follow the requirements of the Federal Rules of Civil Procedure. The Plaintiff has cured any and all alleged defects in Plaintiff's Amended Complaint in proposed Plaintiff's Second Amended Complaint. The Defendant is not prejudiced by Plaintiff's Second Amended Complaint because the Defendant has been apprised and placed on notice of all underlying claims in Plaintiff's Second Amended Complaint.

2) The Defendant has alleged in its Motion to Dismiss Amended Complaint paragraph 4 that Plaintiff's fraud count in its Amended Complaint has failed to state a cause of action as a matter of law. The Supreme Court of Alabama in <u>Gulf States Paper Corp. v. Hawkins</u>, ruled that any presumption of probable cause by a district court's binding over a defendant for grand jury is canceled out by the presumption of lack of probable cause from the grand jury issuing a no-bill. 444 So.2d 381 (Ala. 1983). Further, the Hawkins Court ruled that the issue is one for a jury to decide. <u>Id.</u> The Plaintiff has asserted fraud as a cause of action and demanded a jury trial.

3) The Defendant has alleged in its Motion to Dismiss Amended Complaint paragraph 5 that Plaintiff has alleged duplicitous counts in alleging Intentional Infliction of Emotional Distress and Mental Anguish and the count of Outrage. The Plaintiff has cured any and all alleged defects in

       Plaintiff's Amended Complaint in proposed Plaintiff's Second Amended Complaint by combining the two counts into one count of Outrage.

4) The Defendant has alleged in its Motion to Dismiss Amended Complaint paragraph 6 that Plaintiff has failed to state a cause of action since the Supreme Court of Alabama has ruled that Outrage claims fall exclusively in one of three categories. This Court ruled in <u>Carter v. Harris</u>, as follows:

> "To recover under the tort of outrageous conduct in Alabama, a plaintiff must prove that: (1) the defendant either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from its conduct; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct caused emotional distress so severe that no reasonable person could be expected to endure it." 64 F.Supp.2d 1182, 1193-1194 (M.D.Ala. 1999).

This Court did not rule that the tort of outrage exists exclusively in three limited situations. The Defendant's conduct in this matter clearly meets the three part test expounded in the <u>Carter</u> decision and should be offered to a jury to determine the damages.

5) The Defendant has alleged in its Motion to Dismiss Amended Complaint paragraph 7 that Plaintiff has failed to state a cause of action since the Plaintiff's fraud count alleges the breach of a future promise. The Plaintiff in its Amended Complaint and Plaintiff's Second Amended Complaint allege that the Defendant intentionally or with reckless disregard induced the Plaintiff to act by fraudulently promising the Plaintiff she would reciprocate with payment of wages. The Amended Complaint clearly alleges that this is a present intent to defraud the Plaintiff.

6) The Defendant has alleged in its Motion to Dismiss Amended Complaint paragraph 7 that Plaintiff has failed to state a cause of action in its entire Amended Complaint. This argument is unfounded and without merit. Further, the Plaintiff has cured any and all alleged defects in Plaintiff's Amended Complaint in proposed Plaintiff's Second Amended Complaint.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court deny the Defendants Motion to Dismiss Amended Complaint.

Respectfully submitted this the 5th day of October, 2007.

                                                    Jackson B. Harrison (HAR285)
                                                    Attorney for Plaintiff

OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Motion to Continue upon the following counsel for the Wife by means of delivery shown below and to the location designated, properly addressed and delivery charges prepaid on this the 5th day of October, 2007, viz:

Hon. George Beck
P.O. Box 2069
Montgomery, AL 36102-2069

[ XX ] U.S. MAIL    [  ] HAND DELIVERY    [  ] FACSIMILE    [  ] FEDEX

_____
Of Counsel