# NOTICE OF CORRECTION

**From: Clerk's Office**

**Case Style: Smith v. Grossman**

**Case Number:   3:07-cv-00248-WHA**

**Referenced Pleading: Exhibit A attachment to Answer & Counterclaim  -  Doc. 35**

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice. Please see the correct PDF documents to this notice.**

## FREEDOM COURT REPORTING

Page 97

1  well, you know -- I said why don't you get
2  some new tires. And Kim said oh, I just
3  can't afford to buy any right now. And
4  Deborah said well, I'll -- call Kenny
5  Knotts and tell him to put some tires on
6  your car and I'll pay for it. And Kim was
7  like no, she said they were -- Deborah, I
8  think, is the one who called Kenny Knotts'
9  Tire Service because he came and picked up
10 Kim's truck at the office, put tires on it,
11 and sent a bill to Deborah for the tires.
12    Q  Okay. All right. Now, are you
13 familiar with somebody named Mr. Marmaduke?
14    A  Yes.
15    Q  Were there cash payments that were
16 made to Mr. Marmaduke?
17    A  I know he got money for referring
18 clients to us. I never took him any money
19 personally.
20    Q  But you know that the money was sent
21 out of the office to him?
22    A  Yes.
23    Q  And that was for cases that he sent

Page 98

1  to the office?
2     MR. CLARK: I object to any further
3  testimony along this line.
4     THE COURT: Sustained.
5     Q  (By Mr. Veigas) Was Mr. Marmaduke an
6  employee there or a member of the firm?
7     A  No.
8     Q  Do you know why his phone number was
9  listed in the firm advertising?
10    A  I don't know.
11    Q  But you know that it was listed in
12 the firm advertising?
13    A  I had seen the advertisement and saw
14 a 1(800) number, and I never thought
15 anything about it until one day when we
16 were talking about taking -- it was time to
17 -- for new phone books to go out and we
18 were going to put new ads in. I said what
19 is this 1(800) number. And Deborah said
20 that's Cory's number.
21    MR. VEIGAS: Fine. That's all I
22 have, Judge.
23    THE COURT: Cross-examination.

Page 99

1  CROSS-EXAMINATION BY MR. CLARK:
2     Q  So, you have recollection of a -- of
3  an incident where Ms. Smith told
4  Ms. Grossman that she needed some new tires
5  and Ms. Grossman paid for them for her?
6     A  Kim just said that her tires were
7  bad and Deborah offered to buy her -- put
8  new tires on her truck.
9     Q  Okay. You are friends with
10 Ms. Smith, are you not?
11    A  Yes.
12    Q  Close friends?
13    A  We're good friends.
14    MR. CLARK: Okay. Thank you very
15 much for coming. I don't have anything
16 further.
17    THE COURT: Anything further?
18 DIRECT EXAMINATION BY MR. VEIGAS:
19    Q  Would you lie for Ms. Smith?
20    A  No.
21    MR. VEIGAS: That's all I have,
22
23 Judge.

Page 100

1     THE COURT: You can step down. Go
2  back outside. Please don't discuss your
3  testimony with anyone else.
4     Call your next witness.
5     MR. VEIGAS: Just one moment,
6  Judge.
7     THE COURT: That's fine.
8     MR. VEIGAS: Judge, that's all we
9  have at this time.
10    THE COURT: Anything further,
11 Mr. Clark?
12    MR. CLARK: No rebuttal, Your Honor.
13    THE COURT: All right. Based upon
14 the evidence produced at this hearing, I
15 find there is probable cause to believe
16 that this act was committed by this
17 defendant. And this case is bound over to
18 the Grand Jury for further consideration.
19 This hearing is adjourned.
20
21 (Whereupon, the hearing was adjourned at
22
23 11:30 a.m.)

25 (Pages 97 to 100)

367 VALLEY AVENUE
(205) 397-2397 BIRMINGHAM, ALABAMA 1-877-37

EXHIBIT A

FREEDOM COURT REPORTING

Page 101

1

2

Page 102

1      CERTIFICATE
2
3   State of Alabama
4   Jefferson County
5
6      I hereby certify that the above and
7   foregoing hearing was taken down by me in
8   stenotype and the questions and answers
9   thereto were transcribed by means of
10  computer-aided transcription, and that the
11  foregoing represents a true and correct
12  transcript of the testimony given by said
13  witness upon said hearing.
14     I further certify that I am neither of
15  counsel, nor of kin to the parties to the
16  action, nor am I in anyway interested in
17  the result of said cause.
18
19
20
21
22
23     Racheal Lynn Isbell, CSR

26 (Pages 101 to 102)

367 VALLEY AVENUE
(205) 397-2397 BIRMINGHAM, ALABAMA 1-877-373-3660