IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIM S. SMITH, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 3:07-cv-248-WHA |
| | ) |
| DEBORAH HARDWICK | ) |
| GROSSMAN, R.N., B.S.N., J.D., | ) |
| | ) |
|   Defendant. | ) |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

**COMES NOW** the Defendant Deborah Hardwick Grossman, by and through counsel, and files this Memorandum Brief in Support of Defendant's Motion to Dismiss the Third Amended Complaint and states as follows:

    1.      The Motion to Amend is not timely.

There has been no discovery and no new evidence to form a basis for any amended complaint. The lawsuit was commenced by Plaintiff with a Birmingham attorney who withdrew. Plaintiff requested the case be put on the administrative docket pending settlement. Plaintiff hired her present attorney who filed an amended complaint which was allowed by this Court. The Defendant filed its Answer and Counterclaim to Plaintiff's Amended Complaint.

Now, some several months after filing the original complaint and after having filed an amended complaint and both parties having made initial disclosures, Plaintiff seeks to amend by asserting a completely different cause of action based upon alleged negligence of the Defendant on some alleged legal duty owed to the Plaintiff. For reasons stated below, the additional count

fails to state a cause of action. However, the Defendant also moves to dismiss based upon the untimeliness of the motion.

    2.    Negligence

        a.    <u>Pleading</u>

A complaint cannot merely allege negligence in general terms. The facts alleged must, themselves, amount to negligence. *Chilton Butane Gas, Inc. v. Marcus*, 267 So.2d 140 (Ala. 1972); *Alabama Power Co. v. King*, 190 So.2d 674 (Ala. 1966). The complaint must allege facts which establish (1) the existence of some duty on the part of the defendant to protect the plaintiff from the injury of which she complains; (2) a failure by the defendant to fulfill that duty; (3) an injury to the plaintiff and (4) said injury being proximately caused from such failure of the defendant. *Harver v. Palmer & Baker Engineers, Inc.,* 302 So.2d 228 (Ala. 1974).

        b.    <u>No duty of care alleged</u>

The complaint fails to allege facts which establish a duty of care owed by the defendant to the plaintiff. Mere allegations that plaintiff was somehow injured is not sufficient. A complaint is simply not sufficient unless facts are averred which disclose a duty owed by the defendant to the injured party. *Ramsey v. Sentell Oil Co.*, 195 So.2d 527 (Ala. 1967); *Chilton Butane Gas, Inc. v. Marcus*, 267 So.2d 140 (Ala. 1972). An essential element under Alabama law to establish a claim of negligence is the allegation of a legal duty owed to the plaintiff. *Yelder v. Credit Bureau of Montgomery, LLC,* 131 F. Supp. 2d 1275 (M.D. Ala. 2001); See also *Prickett v. U.S.*, 111 F. Supp. 2d 1191, affirmed 268 F. 3d 1066, rehearing denied (M.D. Ala. 2000); *Landreau v. Wal-Mart Stores, Inc.,* 75 F. Supp. 2d 1318 (M.D. Ala. 1999). In order to maintain a negligent

action under Alabama law, the defendant must have been subject to some legal duty. *Rawlins v. Dovenmuehle Mortg., Inc.,* 64 F. Supp. 2d 1156 (M.D. Ala. 1999).

The gravamen of the negligence count appears, by incorporation of preceding paragraphs, to be (1) the hiring of attorney to pursue collection against the plaintiff or (2) the execution of a warrant for theft of property in the first degree for which the district judge found probable cause against the plaintiff and bound her over to the grand jury. See paragraphs 20-26 of the plaintiff's third amended complaint. However, none of the allegations establish a legal duty owed by the defendant to the plaintiff which she could have breached[1]. Accordingly, in the absence of an allegation of a legal duty owed, the negligence count fails to state a cause of action.

    c.    Proximate Cause

The allegations of the third amended complaint on its face clearly allege intervening efficient causes which would prevent any damage suffered by the plaintiff from being the proximate cause of any alleged breach of duty by the defendant. In absence of an appropriate allegation and proof of proximate cause, the negligence count must also fail. A plaintiff in a negligence claim must prove a causal link between the defendant's conduct and any resulting injury. *Scott v. U.S.,* 13 F. Supp. 2d 1226 (M.D. Ala. 1998); *Peters v. Calhoun County Com'n.,* 669 So.2d 847, rehearing denied, (Ala. 1995). Unless there is a reasonable connection between the alleged act or omission of the defendant and the damage suffered by the plaintiff, there is no proximate cause. *Wassman v. Mobile County Communications Dist.,* 665 So.2d 941 (Ala. 1995).

---

[1] Incidentally, the Alabama Legal Services Liability Act does not apply to an action filed against a "legal service provider" by someone whose claim does not arise out of the receipt of legal services. *Cunningham v. Langston, Frazier, Sweet & Freese,* 727 So.2d 800 (Ala. 1999). Thus, in the absence of an attorney-client relationship, there is no duty owed to the plaintiff from which a breach could occur.

1113497

3

Similarly, where some independent agency intervenes and is the immediate cause of the injury, a party who may be guilty of any prior negligence is no longer liable. *Hall v. Booth*, 423 So.2d 184 (Ala. 1982). An "intervening cause" is a subsequent act or omission by a third party that is both unforeseeable and sufficient in and of itself to have been the causing fact of any alleged injury or damage to the plaintiff. *Springer v. Jefferson County,* 595 So.2d 1381 (Ala. 1992).

The complaint alleges that Attorney Davis Whittelsey sought to collect a civil debt against the Plaintiff in violation of the Fair Debt Collections Practices Act. Any such injury to the Plaintiff would have been caused by the intervening act of Attorney Whittelsey rather than the Plaintiff. Accordingly, from the face of the complaint, it is apparent that the Plaintiff has not alleged facts that establish any injury by the Plaintiff that was proximately caused by the acts of the Defendant. (See ¶¶ 20-23 of the Plaintiff's Third Amended Complaint.)

Similarly, as to the allegations of filing criminal charges against the Plaintiff, the district court's action in binding the case over to the grand jury is an intervening efficient cause which breaks the causal chain between the Plaintiff and the Defendant. (See ¶ 26 of the Plaintiff's Third Amended Complaint.) It was not foreseeable that the grand jury would no-bill the case. The trial court's finding of probable cause certainly is a finding that the Defendant acted reasonably in executing the warrant. Again, based upon the allegations of the Complaint, the Defendant is not guilty of any action which proximately caused any injury to the Plaintiff.

      d.      <u>No allegation of damages</u>

A third element of a cause of action for negligence is an allegation of damages. *Salter v. U.S.,* 880 F.Supp. 1524 (M.D. Ala. 1995); *Borden v. CSX Transp., Inc.,* 843 F.Supp. 1410 (M.D. Ala. 1993). In an action for injuries, the complaint must state the injuries with certainty and definiteness. *Birmingham Ry., Light & Power Co. v. Chastain,* 48 So. 85 (Ala. 1908); *Alabama Power Co. v. Gladden,* 187 So. 711 (Ala. 1939). The absence of any one of the elements for negligence renders a complaint bad. *Franklin v. City of Athens,* 938 So.2d 950, rehearing denied, affirmed *Ex Parte CSX Transp., Inc.,* 938 So.2d 959 (Ala.Civ.App. 2005). A mere allegation that the Plaintiff was damaged is insufficient.

For reasons stated, the Complaint fails to state a cause of action for negligence, and the count of negligence should be dismissed.

3.      Counts of abuse of process, false imprisonment and malicious prosecution

The claims entitled Abuse of Process, False Imprisonment and Malicious Prosecution, contained in paragraphs 3 through 14 of the Amended Complaint fail to state a cause of action as a matter of law because the District Court of Chambers County, Alabama, found probable cause for the Defendant's actions and bound Plaintiff over to the Chambers County Grand Jury. A copy of the ruling of the Court is marked Exhibit A, attached to Defendant's original motion and specifically incorporated herein by reference. *Shoney's, Inc. v. Barnett*, 773 So.2d 1015, 1027; *Whitlow v. Bruno's, Inc.*, 567 So.2d 1235 (Ala. 1990); *Stacks v. Pate*, 561 So.2d 1072 (Ala. 1990).

4.  Count of Outrage

The outrage count is due to be dismissed because Alabama courts have never recognized a cause of action for the tort of outrage in the context alleged. The claims alleging intentional infliction of emotional distress and mental anguish and outrage fail to state a cause of action since such claims are limited to cases in which conduct of the defendant are limited to (1) those having to do with wrongful conduct in the context of family burials, (2) cases in which insurance agents employed heavy-handed, barbaric means to coerce a settlement, and (3) cases involving egregious sexual harassment. *Carter v. Harris*, 64 F.Supp.2d 1182 (MD Ala. 1999); *Wiggins v. Risk Enterprises Management, LTD*, 14 F.Supp.2d 1279 (MD Ala. 1998); *Mills v. Wex-Tex Industries, Inc.*, 991 F.Supp. 1370 (MD Ala. 1997); *Callens v. Jefferson County Nursing Home*, 769 So.2d 273, Rehearing denied (Ala. 2000).

5.  Fraud

The allegation labeled "Fraud" does not state a cause of action because it merely alleges the breach of a future promise. The failure to allege that the defendant had a present intent not to honor any alleged promise is fatal. *McGriff v. Minnesota Mut. Life Ins. Co.,* 127 F.3d 1410 (CA 11 Ala. 1997); *Picker Intern. Inc. v. Parten,* 935 F.2d 257 (CA Ala. 1991); *Brown-Marx Associates, LTD. v. Emigrant Sav. Bank*, 703 F.3d 1361 (CA 11 Ala. 1983); *Rice v. Barnes*, 149 F.Supp.2d 1297 (MD Ala. 2001); *Arthur Rutenburg Homes, Inc. v. Norris*, 804 So.2d 180, Rehearing denied (Ala. 2001).

Promissory Fraud consists of a present intent not to honor a future promise. No such allegation has been made in the instant case. Thus, the count alleging fraud for not fulfilling an employment contract is defective and must be dismissed. *Saia Food Distributers and Club, Inc. v. Link from Ameritech Inc.*, 902 So. 2d 46 (Ala. 2004); *Campbell v. Naman's*

*Catering Inc.*, 482 So. 2d 654 (Ala. 2002); *Arthur Rutenberg Homes v. Norris*, 804 So. 2d 180 (Ala. 2001).

The mere failure to perform a promised act is not in itself evidence of intent to deceive at the time a promise is made which is an element of promissory fraud. *Campbell v. Naman's Catering, Inc.*, *Supra* at 658. The court emphasized that a plaintiff asserting a claim of promissory fraud (as the instant Plaintiff) must prove two elements generally not required in a usual claim of fraud:

> The elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation.

*Campbell, Supra* at 658.

Although alleging generally the above referenced elements of fraud, the Plaintiff, in alleging that the Defendant failed to include an allegation of two additional elements:

> (5) Proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised, and (6) proof that the defendant had an intent to deceive." *Id.*

The court concluded that otherwise, every breach of contract would be tantamount to fraud.

As the court in *Saia Food* stated, additional elements of promissory fraud must be satisfied:

> (1) Proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised, and (2) proof that the defendant had an intent to deceive.

*Saia Food*, *Supra* at 56.

It is a basic legal principle that if not adequately pled, such count of fraud is defective. *Advanced Studios of Alabama, Inc. v. Advanced Happies, Inc.*, 607 F.2d 1138 (See A-5 Ala. 1979); *Marin v. Fidelity & Cas. Co. of New York*, 421 So. 2d 109 (Ala. 1982); *Robinson v.*

*Allstate Ins. Co.*, 399 So. 2d. 288 (Ala. 1981).  Where an alleged fraud is predicated upon a promise, it is essential that the pleader allege that the promisor intended not to perform at the time of making the promise.  Rule 9(b) of Ala. R. Civ. P.; *Bethel v. Thorn*, 757 So. 2d 1154, rehearing denied, appeal after remand, *Ex parte Thorn*, 788 So. 2d 140 (Ala. 1999).  *See also* Rule 9(b), Fed.R.Civ.P.

## CONCLUSION

For reasons stated herein, the motion to allow Plaintiff's Third Amended Complaint should be denied, either in part or in its entirety.

Respectfully submitted this the _____ day of February, 2008.

/s/ George L. Beck, Jr.
**GEORGE L. BECK, JR. (BEC011)**
ATTORNEY FOR DEFENDANT
CAPELL & HOWARD, P.C.
Post Office Box 2069
Montgomery, AL  36102-2069
Telephone:    (334) 241-8000
Facsimile:     (334) 323-8888

**OF COUNSEL:**
WILLIAM O. WALTON, III
Suite 304
2515 East Glenn Avenue
Auburn, AL  36830

1113497

8

## CERTIFICATE OF SERVICE

    I hereby certify that on February ____, 2008, I electronically filed the foregoing with the Clerk of the Court using the Alafile system, which will send notification of such filing to the following:

    Jackson B. Harrison, Esq.
    The Harrison Firm, L.L.C.
    8425 Crossland Loop
    Montgomery, AL  36117
    bharrison@alabama-legal.com


**By:**   /s/ George L. Beck, Jr.
          **GEORGE L. BECK, JR. (BEC011)**