## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

KIM S. SMITH;

     **Plaintiff**

v.

DEBORAH HARDWICK GROSSMAN,
R.N., B.S.N., J.D.;

     **Defendant.**

2009 MAR -7 A 9: 46

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

)
)
)
)
)
)
)
)
)
)

**Civil Action Number:**
    **3:07cv248-WHA**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and submits to this Honorable Court Plaintiff's Response to Defendant's Motion to Dismiss The Third Amended Complaint. In support Plaintiff states as follows:

1)    In its Motion to Dismiss The Third Amended Complaint, the Defendant alleges that the Plaintiff's Motion to Amend is not timely. Rule 15(a)(2) of the Federal Rules of Civil Procedure state as follows:

> 2) *"Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires."

The United States Supreme Court in interpreting Rule 15(a)(2) stated that "[t]he Rules themselves provide that they are to be construed to secure the just, speedy, and inexpensive determination of every action." Foman v. Davis, 371 U.S. 178, 230 (1962). The United States District Court for the Middle District of Florida interpreted Rule 15(a)(2) as follows:

> "Accordingly, if the facts and circumstances relied upon by a plaintiff are a proper subject of relief, Rule 15(a)'s mandate to freely permit a party to amend is to be 'heeded.'" International Ship Repair and Marine Services, Inc. v. St. Paul Fire and Marine Insurance Co., 944 F.Supp. 886, 895 (M.D.Fla.1996)(Quoting Foman, 371 U.S. at 230).

The Plaintiff has discovered information and evidence that justifies amending the Complaint to add a count for negligence. Under the rulings of the Courts in Foman and International Ship Repair and Marine Services, Inc., the Plaintiff's Motion to Amend should be granted because justice requires a "just, speedy, and inexpensive determination of every action." The Plaintiff has a legitimate and definable cause of action against the Defendant for negligence and should be allowed to amend her Complaint.

2)    The Defendant has alleged in its Motion to Dismiss The Third Amended Complaint paragraph 2 that the Plaintiff's proposed Third Amended Complaint fails to state a cause of action. The assertion is without merit. The Plaintiff's proposed Third Amended Complaint state several causes of action and properly and lawfully lays out each and every element of the several causes of action. The substantive nature of the Plaintiff's Third Amended Complaint is structured properly and lawfully.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court deny the Defendants Motion to Dismiss The Third Amended Complaint.

Respectfully submitted this the 7th day of March, 2008.

Jackson B. Harrison (HAR285)
Attorney for Plaintiff

OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 fax

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008, I filed the foregoing with the Clerk of the Court and the CM/ECF system will send notification of such filing to the following:

Hon. George Beck
P.O. Box 2069
Montgomery, AL 36102-2069

Of Counsel