IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIM S. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.  3:07cv248-WHA |
| vs. | ) |
| | )              (WO) |
| DEBORAH HARDWICK GROSSMAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Amend Complaint filed by the Plaintiff (Doc. #40), and a Motion to Dismiss the Third Amended Complaint, filed by the Defendant, Deborah Hardwick Grossman (Doc. #45).

The Plaintiff, Kim Smith, has alleged that she was employed by the Defendant, Deborah Hardwick Grossman, as an office manager and paralegal/secretary.  The Plaintiff alleges that during her employment in 2004 and 2005 she worked overtime, provided furniture, and incurred expenses for which she was never compensated or reimbursed.  The Plaintiff further alleges that around March 16, 2006, the Defendant sought to collect a civil debt of alleged overpayment of wages and unauthorized payment of insurance and expenses to the Plaintiff.  The Plaintiff alleges that a warrant was issued for her arrest, but that the grand jury ultimately no billed the case.

The Plaintiff originally filed a Complaint arising from these facts against the Defendant on March 20, 2007, and amended that complaint on March 23, 2007.   The Defendant moved to dismiss the Amended Complaint.  While that motion was pending, the court was requested to stay the case for an extended period so that the parties could pursue settlement negotiations.

When the case failed to settle, the court issued a new Uniform Scheduling Order, based upon suggested dates of the parties, (Doc. #27) which included a date of May 30, 2008 for the Plaintiff to amend the pleadings and add parties. (Doc. #28).

The Plaintiff again moved to amend the Amended Complaint. The court granted the Plaintiff's motion on October 11, 2007, and the Second Amended Complaint was filed. The court also denied the Motion to Dismiss the Amended Complaint as moot. The Defendant answered the Second Amended Complaint on October 19, 2007, and filed a Counterclaim.

The Plaintiff moved on February 5, 2008 to amend her Second Amended Complaint to add a negligence claim. This court issued an order for the Defendant to show cause why the motion to amend should not be granted. In response, the Defendant filed a Motion to Dismiss the Third Amended Complaint. This new motion addresses not only the negligence claim sought to be added by the Plaintiff, but all of the counts of the proposed Third Amended Complaint, including those alleged, and answered, in the Second Amended Complaint. Because the proposed Third Amended Complaint has not yet been accepted for filing by the court, the court will treat the Defendant's motion as an objection to the Motion to Amend on the grounds that the Motion to Amend is untimely, and that allowing the amendment would be futile because the negligence claim does not state a claim.

## II. <u>MOTION TO AMEND STANDARD</u>

The Federal Rules of Civil Procedure provide that leave to amend should be freely given when justice so requires. *Fed. R. Civ. Pro.* 15(a). While discretion of whether to grant leave to amend a pleading lies with the trial court, a justifying reason must be apparent for denial of a

motion to amend. *Foman v. Davis*, 371 U.S. 178, 181 (1962). Such reasons may include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* at 182.

### III. DISCUSSION

The Defendant has argued that the Motion to Amend is not timely and that the proposed Third Amended Complaint fails to state a claim. As stated above, the court has construed the Defendant's arguments to be an objection to the addition of a negligence claim in this case.

The Defendant's contention that the Motion to Amend is untimely is based on the argument that even though there has been no discovery and no new evidence, the Plaintiff wants to assert a new claim at this stage of the case. As set out above, the Motion to Amend was filed on February 5, 2008, and the time for amendment as ordered by the court in the new Uniform Scheduling Order, based on a date requested by the parties, is May 30, 2008. Accordingly, the motion is timely.

The other basis for the Defendant's objection to the Motion to Amend to add a negligence claim is the contention that the Plaintiff has failed to allege facts which establish a duty of care, proximate cause, or damages. The court will consider this an argument that allowing the amendment would be futile.

The Plaintiff seeks to add a claim that the Defendant, Deborah Hardwick Grossman, owed a duty of care to the Plaintiff, Kim S. Smith, not to cause her to suffer damages, and that the Defendant breached her duty by filing criminal charges against the Plaintiff. In the Second

3

Amended Complaint, and proposed amendment to that complaint, the Plaintiff has asserted a malicious prosecution claim arising out of the same facts as the negligence claim now sought to be added.

In *Favorite Market Store v. Waldrop*, 924 So.2d 719 (Ala. Civ. App. 2005), the Alabama Court of Civil Appeals noted in a footnote that the Supreme Court of Alabama has stated that "negligent prosecution is not a cognizable tort claim in this state." *Id.* at 722 n.5. Although the case before the Alabama Court of Civil Appeals is like the instant case in that it involved a civil suit following a criminal prosecution, the Alabama Court of Civil Appeals acknowledged that the Alabama Supreme Court case on which it relied for the proposition that there is no negligent prosecution claim in Alabama involved a civil suit following a prior prosecution of a civil suit. *Id.* (citing *Ex parte State Farm Mut. Auto. Ins. Co.*, 924 So.2d 706 (Ala. 2005)).

While it is not entirely clear the full extent to which negligence can be asserted where the plaintiff was prosecuted in a prior criminal case, it at least appears that Alabama would not recognize a separate negligence claim arising from the same facts as a malicious prosecution claim. In *Ex parte Tuscaloosa Co.*, 770 So. 2d 602, 605 (Ala. 2000), a case which involved a negligence claim following a criminal prosecution, the court held that an inability to succeed on a malicious prosecution claim also barred a plaintiff's negligence claim arising from the same facts. The court's reasoning was that the policy disfavoring malicious prosecution claims also "disfavors claims arising out of facts within the ambit of malicious prosecution but couched in other terms, especially general allegations of negligence, willfulness, or wantonness." *Id.* (quoting *Cutts v. Am. United Life Ins. Co.*, 505 So. 2d 1211, 1214 (Ala. 1987)).

This court concludes, therefore, that adding a negligence claim as an alternate theory in

this case would be futile because under Alabama law a separate claim for negligence cannot be sustained independent of a malicious prosecution claim where the two claims arise under the same facts. The Motion to Amend Complaint is, therefore, due to be DENIED. *See Daewoo Motor America, Inc. v. General Motors Corp.*, 459 F.3d 1249, 1260-61 (2006), *cert. denied*, 127 S.Ct. 2032 (2007).

## IV. CONCLUSION

For the reasons discussed, the Motion to Amend Complaint (Doc. #40) is ORDERED DENIED, and the Motion to Dismiss (Doc. #45), which this court has construed as an objection to the amendment seeking to add a negligence claim is DENIED as moot.

Done this 24th day of March, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).