IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KIM S. SMITH , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.   3:07cv248-WHA |
| vs. | ) | |
| | ) | (WO) |
| DEBORAH HARDWICK GROSSMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Amend Complaint filed by the Plaintiff (Doc. #40), and a Motion to Dismiss the Third Amended Complaint, filed by the Defendant, Deborah Hardwick Grossman (Doc. #45).

The Plaintiff, Kim Smith, has alleged that she was employed by the Defendant, Deborah Hardwick Grossman, as an office manager and paralegal/secretary.  The Plaintiff alleges that during her employment in 2004 and 2005 she worked overtime, provided furniture, and incurred expenses for which she was never compensated or reimbursed.  The Plaintiff further alleges that around March 16, 2006, the Defendant sought to collect a civil debt of alleged overpayment of wages and unauthorized payment of insurance and expenses to the Plaintiff.  The Plaintiff alleges that a warrant was issued for her arrest, but that the grand jury ultimately no billed the case.

The Plaintiff originally filed a Complaint arising from these facts against the Defendant on March 20, 2007, and amended that complaint on March 23, 2007.   The Defendant moved to dismiss the Amended Complaint.  While that motion was pending, the court was requested to stay the case for an extended period so that the parties could pursue settlement negotiations.

When the case failed to settle, the court issued a new Uniform Scheduling Order, based upon suggested dates of the parties, (Doc. #27) which included a date of May 30, 2008 for the Plaintiff to amend the pleadings and add parties. (Doc. #28).

The Plaintiff again moved to amend the Amended Complaint.  The court granted the Plaintiff's motion on October 11, 2007, and the Second Amended Complaint was filed.  The court also denied the Motion to Dismiss the Amended Complaint as moot.   The Defendant answered the Second Amended Complaint on October 19, 2007, and filed a Counterclaim.

The Plaintiff moved on February 5, 2008 to amend her Second Amended Complaint to add a negligence claim.  This court issued an order for the Defendant to show cause why the motion to amend should not be granted.  In response, the Defendant filed a Motion to Dismiss the Third Amended Complaint.  This new motion addresses not only the negligence claim sought to be added by the Plaintiff, but all of the counts of the proposed Third Amended Complaint, including those alleged, and answered, in the Second Amended Complaint.  Because the proposed Third Amended Complaint has not yet been accepted for filing by the court, the court will treat the Defendant's motion as an objection to the Motion to Amend on the grounds that the Motion to Amend is untimely, and that allowing the amendment would be futile because the negligence claim does not state a claim.

## II.  <u>MOTION TO AMEND STANDARD</u>

The Federal Rules of Civil Procedure provide that leave to amend should be freely given when justice so requires.  *Fed. R. Civ. Pro.* 15(a). While discretion of whether to grant leave to amend a pleading lies with the trial court, a justifying reason must be apparent for denial of a

motion to amend. *Foman v. Davis*, 371 U.S. 178, 181 (1962). Such reasons may include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* at 182.

## III. DISCUSSION

The Defendant has argued that the Motion to Amend is not timely and that the proposed Third Amended Complaint fails to state a claim. As stated above, the court has construed the Defendant's arguments to be an objection to the addition of a negligence claim in this case.

The Defendant's contention that the Motion to Amend is untimely is based on the argument that even though there has been no discovery and no new evidence, the Plaintiff wants to assert a new claim at this stage of the case. As set out above, the Motion to Amend was filed on February 5, 2008, and the time for amendment as ordered by the court in the new Uniform Scheduling Order, based on a date requested by the parties, is May 30, 2008. Accordingly, the motion is timely.

The other basis for the Defendant's objection to the Motion to Amend to add a negligence claim is the contention that the Plaintiff has failed to allege facts which establish a duty of care, proximate cause, or damages. The court will consider this an argument that allowing the amendment would be futile.

The Plaintiff seeks to add a claim that the Defendant, Deborah Hardwick Grossman, owed a duty of care to the Plaintiff, Kim S. Smith, not to cause her to suffer damages, and that the Defendant breached her duty by filing criminal charges against the Plaintiff. In the Second

Amended Complaint, and proposed amendment to that complaint, the Plaintiff has asserted a malicious prosecution claim arising out of the same facts as the negligence claim now sought to be added.

In *Favorite Market Store v. Waldrop*, 924 So.2d 719 (Ala. Civ. App. 2005), the Alabama Court of Civil Appeals noted in a footnote that the Supreme Court of Alabama has stated that "negligent prosecution is not a cognizable tort claim in this state." *Id.* at 722 n.5. Although the case before the Alabama Court of Civil Appeals is like the instant case in that it involved a civil suit following a criminal prosecution, the Alabama Court of Civil Appeals acknowledged that the Alabama Supreme Court case on which it relied for the proposition that there is no negligent prosecution claim in Alabama involved a civil suit following a prior prosecution of a civil suit. *Id.* (citing *Ex parte State Farm Mut. Auto. Ins. Co.*, 924 So.2d 706 (Ala. 2005)).

While it is not entirely clear the full extent to which negligence can be asserted where the plaintiff was prosecuted in a prior criminal case, it at least appears that Alabama would not recognize a separate negligence claim arising from the same facts as a malicious prosecution claim. In *Ex parte Tuscaloosa Co.*, 770 So. 2d 602, 605 (Ala. 2000), a case which involved a negligence claim following a criminal prosecution, the court held that an inability to succeed on a malicious prosecution claim also barred a plaintiff's negligence claim arising from the same facts. The court's reasoning was that the policy disfavoring malicious prosecution claims also "disfavors claims arising out of facts within the ambit of malicious prosecution but couched in other terms, especially general allegations of negligence, willfulness, or wantonness." *Id.* (quoting *Cutts v. Am. United Life Ins. Co.*, 505 So. 2d 1211, 1214 (Ala. 1987)).

This court concludes, therefore, that adding a negligence claim as an alternate theory in

this case would be futile because under Alabama law a separate claim for negligence cannot be sustained independent of a malicious prosecution claim where the two claims arise under the same facts. The Motion to Amend Complaint is, therefore, due to be DENIED. *See Daewoo Motor America, Inc. v. General Motors Corp*., 459 F.3d 1249, 1260-61 (2006), *cert. denied*, 127 S.Ct. 2032 (2007).

## IV.  CONCLUSION

For the reasons discussed, the Motion to Amend Complaint (Doc. #40) is ORDERED DENIED, and the Motion to Dismiss (Doc. #45), which this court has construed as an objection to the amendment seeking to add a negligence claim is DENIED as moot.

Done this 24th day of March, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE